*Macbeth* now moved to amend the narr. by substituting *Wolf* Benjamin for *William* Benjamin, and thus make the suit stand Hannah Benjamin, executrix of Wolf Benjamin *vs.* Andrew Boyce.

The amendment was resisted. It was said by Mr. Bayard, as *amicus curiæ*, that chief justice *Taney*, in the last circuit court for the Delaware district, had decided that this was not a cause of nonsuit, but the objection could only be taken on a plea in abatement. The case he referred to was *Shewell & Shewell* vs. *McCabe*. See *Saund. Pl. & Ev. Abatement, Misnomer;* 2 *Brod. & Bingh.* 34 ; 6 *Serj. & Lowb.* 9 ; 10 *Mass. Rep.* 252 ; 1 *Chitty Plead.* 440.

*The Court.*—It was once doubted if a mistake of the *plaintiff's* christian or surname were not ground of nonsuit, but it is now settled that the mistake must be pleaded in abatement, even in the case of a corporation.

But this is not the case of a misnomer of plaintiff's christian or surname, but a misdescription of the character in which she sues, to wit, as administratrix of William, instead of Wolf, Benjamin. Then does the principle cover this.

The defendant has given special bail. What would be the effect of the amendment as to the bail? Undoubtedly a discharge. And on what principle? That the parties in the action are changed—that it is now another suit. And if so, is the defendant bound to answer on his present appearance to this new suit? We will think of it.

*The Court* afterwards (chief justice hesitante) permitted the amendment, and the cause was continued. See act Jeofails, 8 *Del. Laws,* 44. (*a*)

*Macbeth,* for plaintiff.

*Hamilton,* for defendant.

—•>»0**♦**0«<•—

### JAMES REYNOLDS, Jr. *vs.* THOMAS NAUDAIN.

The law of the road requires travellers to keep on the *right* side ; and, where there are many passengers, to drive moderately.

TRESPASS for negligently driving against and killing plaintiff's horse.

(*a*) Collins et al. *vs.* Townsend. Com. Pleas, Sussex, April Term, 1797. In this case the court, on motion of *Miller* for the plaintiffs, permitted the writ and declaration to be amended by striking out the names of two of the plaintiffs, on payment of the costs of the term. Chief Justice, J. M. Clayton's MS. notes, p. 19.

In this case the court laid it down as the law of the road, that travellers are bound to take the right hand side of the road; and if a person is found on the left, or wrong, side when an accident occurs, he is liable for the consequences unless its cause be wholly attributable to the other party, and he does all that prudence can do to avoid damage. And in travelling every man is bound to restrain his speed within such bounds as will not endanger others, considering the *place* and *circumstances*. See *Wilson* vs. *Rockland Manufacturing Company*, ante 67.

Verdict for plaintiff.

*Booth*, for plaintiff.
*Rodney*, for defendant.

━►≫›●⊛◉‹‹◄◄◆━

DAVID CARLISLE *vs.* J. W. THOMAS, Administrator of SAMUEL CARLISLE, deceased.

A *deputy* prothonotary cannot appoint referees under the act of assembly to bind lands. It *seems* that such a deputy cannot do any act that is not strictly *ministerial*.

Wherever the legislature has by statute conferred a power requiring the exercise of *judgment* and *discretion* for the protection of important interests, it must be discharged in person and cannot be delegated.

AMICABLE action entered into in vacation and referred by agreement of parties.

On motion of Mr. Rogers, of counsel for the heirs at law of Samuel Carlisle, and affidavit filed, rule to show cause why the report should not be set aside, the reference stricken out, and the party let into a trial at bar.

The affidavit stated that the amicable action in this case was fraudulently and collusively entered into between the plaintiff and the defendant, who is an administrator and without assets; on a claim by David Carlisle against the estate of his father, Samuel Carlisle, after such claim had been prosecuted and failed in chancery; that the referees nominated under the rule of court and in pursuance of the said collusive agreement, were not appointed by the prothonotary agreeably to law; that no notice of the reference was given to the heirs at law of Samuel Carlisle; that the referees went into the examination and hearing of the cause first in deponent's absence, and afterwards by adjournment, contrary to his protest and plea that the whole matter had been settled by the suit in chancery; that deponent has a good legal defence to the whole claim, &c. &c.